1  Sara Smith Ray (State Bar No. 140564)
   ALTMAN & RAY
2  20700 Ventura Boulevard, Suite 128
3  Woodland Hills, California 91436
   (818) 907-6900 – Telephone
4  (818) 907-6906 - Facsimile
5  sray@altmanray.com

6  DANIEL S. GRUBER, STATE BAR NO. 113351
7  GRUBER & GRUBER
8  15165 Ventura Blvd., Suite 400
   Sherman Oaks, California 91403
9  Telephone:  (818) 981-0066
10 Facsimile:   (818) 981-2122
11 E-Mail: dgruber@gruberlawfirm.com;

12 Attorneys for Plaintiff:   CARL T. EDWARDS

13
14
15                    UNITED STATES DISTRICT COURT FOR THE
16                    NORTHERN DISTRICT OF CALIFORNIA
17
18
19 CARL T. EDWARDS,              )  CASE NO.
                                 )
20                Plaintiff,     )  C 07 4573 PJH
                                 )
21 Vs.                           )  COMPLAINT FOR:
                                 )
22                               )  BREACH OF THE EMPLOYEE
23                               )  RETIREMENT INCOME ACT OF
24 AT&T DISABILITY INCOME        )  1974
   PLAN,                         )
25                               )
26                Defendants.    )
27
28

E-filing

ORIGINAL FILED

07 SEP -4 PM 2:26

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1

## INTRODUCTION

1. Plaintiff, CARL T. EDWARDS ("Mr. Edwards"), brings this action against the Defendant, AT&T DISABILITY INCOME PLAN (DIP) for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et. seq. ("ERISA"). Mr. Edwards is a participant in an ERISA welfare benefit plan. The name of the welfare benefit plan is the AT&T DISABILITY INCOME PLAN (DIP).

2. This Complaint challenges: (1) the Defendants unlawful denial of Mr. Edwards' Long Term Disability ("LTD") total disability benefits without appropriate justification and without granting his a full and fair review of his claim for benefits; (2) DIP's pattern of rejecting and/or ignoring the opinions of Mr. Edwards' treating and examining physicians in an attempt to deprive his of the appropriate LTD benefits he is due; and (3) DIP's failure to provide a reasonable claims procedure that would yield a decision on the merits of Mr. Edwards' claim.

3. Mr. Edwards is filing this action to recover benefits due under the Plan, to enforce the present rights existing, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This Court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Mr. Edwards is individual who, at the time of filing the claim, resided in San Bruno, California. Mr. Edwards a vested participant in an employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Mr. Edwards has standing to bring this action under 29 U.S.C. § 1132(a). The defendant, DIP, with its principal place of business in Texas. DIP transacts business in California and is the Plan under which Mr. Edwards is suing. DIP is the party responsible for processing claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD benefits.

6. At all times relevant to the claims asserted in this Complaint, DIP purported to act as an ERISA claims fiduciary with respect to participants of the Plan, generally, and specifically, with respect to Mr. Edwards, within the meaning of ERISA.

7. The Plan under which Mr. Edwards is suing is a "long term disability plan" issued by the DIP.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

8. Mr. Edwards worked at AT&T. Mr. Edwards became a participant under the DIP.

9. DIP both funds and administers the Plan under which Mr. Edwards is suing. The Plan provides for the payment of LTD benefits when a person becomes either partially or totally disabled.

10. Under the Plan, benefits are payable until the insured is no longer disabled, or until the age of 65 years.

### Mr. Edwards' Claim for LTD Benefits

11. Mr. Edwards has presented a timely claim to DIP, asserting that he is a participant, that he became totally disabled while a plan member, and that he is entitled under the Plan to LTD benefits. Under the terms of the Plan, DIP said benefits to Mr. Edwards.

12. Mr. Edwards was disabled due to Peripheral Neuropathy and resultant Syncope due to Autonomic Dysfunction. He applied for and was awarded Social Security Disability Income benefits.

### Termination of Mr. Edwards' Benefits

13. DIP wrote Mr. Edwards informing his that DIP had decided to deny any further benefits as of August 18, 2006.

### Mr. Edwards' Appeal of the DIP's Termination of His Benefits

14. A timely appealed was instituted by Mr. Edwards. The appeal was denied. A true and correct copy of DIP's letter of March 19, 2007 is attached hereto as Exhibit A.

3

1  15. DIP failed to provide Mr. Edwards a full and fair review of his claim for STD
2  benefits. The self-serving nature of DIP's decision which did not take into consideration
3  the opinion of his treating physician or consider the affects of this disease.
4  16. The decision to deny Mr. Edwards' benefits was wrongful, unreasonable,
5  irrational, solely contrary to the evidence, contrary to the terms of the Plan and contrary to
6  law.
7  17. DIP was influenced by its financial conflict of interest, as both the administrator
8  of the plan and the payer of benefits here under, when it denied Mr. Edwards' benefits.
9  Due to the unlawful denial of benefits under ERISA, Mr. Edwards has lost his rightful
10 long-term disability benefits.
11 18. Due to the unlawful denial of benefits under ERISA, Mr. Edwards has also lost
12 the use of his long-term disability benefits. Having exhausted the administrative
13 procedures provided by DIP, Mr. Edwards now brings this action.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

18  19. Mr. Edwards realleges each of the paragraphs above as if fully set forth herein.
19  The Plan is a contract. Mr. Edwards has performed all of his obligations under the contract.
20  29 U.S.C. § 1132(a)(1)(B) states that:
21          A civil action may be brought ---
22          by a participant or beneficiary –
23          for the relief provided for in subsection (c) of this section, or
24  to recover benefits due to his under the terms of his plan, to enforce his rights under the
25  terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
26  20. The Defendant's actions constitute an unlawful denial of benefits under ERISA,
27  as provided in 29 U.S.C. § 1132(a)(1)(B).

21. In accordance with 29 U.S.C. §1132, Mr. Edwards is entitled to be paid benefits under the Plan based upon his disabled status from and after August 18, 2006 to present and continuing.

22. The Defendant has refused to provide Mr. Edwards with these disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

23. As a direct and proximate result of this breach, Mr. Edwards has lost the principal and the use of his rightful STD benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

25. Mr. Edwards realleges each of the paragraphs above as if fully set forth herein.

26. Under the standards applicable to ERISA, Mr. Edwards deserves to recover "a reasonable attorney's fee and costs of the action" pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

27. The Defendants have the ability to satisfy the award.

28. Mr. Edwards' conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all participants.

The Defendants have acted in bad faith in denying Mr. Edwards's benefits under the Plan. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHISEFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Mr. Edwards is entitled to ongoing LTD benefits as calculated under the terms of the Plan along with any attenuated benefits.

1  (2)  Award Mr. Edwards the full amount of unpaid benefits under the Plan to which he is
2  entitled, together with such pre-judgment interest as may be allowed by law.
3  Order that the Defendants make restitution to Mr. Edwards in the amount of any losses
4  sustained by Mr. Edwards in consequence of the wrongful conduct alleged herein, together
5  with prejudgment interest.
6  (3)  Award Mr. Edwards the costs of this action and reasonable attorneys' fees; and
7  (4)  Award such other relief as the court deems just and reasonable.
8
9  Date: June 25, 2007
10
11                                              ALTMAN & RAY LLP
12                                         By: _____
                                                SARA SMITHRAY
13                                              ATTORNEYS FOR PLAINTIFF
                                                CARL T. EDWARDS
14

# EXHIBIT A

**AT&T Integrated Disability Service Center**
Quality Review Unit
*As Administered by Sedgwick CMS*

P.O. Box 61568; King of Prussia, PA; 19406; Telephone 866-276-2278; Facsimile 866-856-5065

March 19, 2007

Daniel S. Gruber
Gruber & Gruber
Attorneys at Law
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403

Re:  AT&T Disability Income Plan (DIP)
     Claim Number: A625009522-0001-01
     Your client: Carl T. Edwards

Dear Mr. Gruber:

Your client's claim appealing the denial of long term disability benefits under the AT&T Disability Income Plan (DIP) was reviewed by the AT&T Integrated Disability Service Center (IDSC) Quality Review Unit.

The AT&T Integrated Disability Service Center (IDSC) Quality Review Unit reviewed all submitted material and information regarding the denial of long term disability benefits by the AT&T Integrated Disability Service Center for your client's claim with a first date absent of August 12, 2005. After this review, the Unit determined to uphold the denial of benefits based on the following provisions in Section 2, Paragraph 2.26 that state:

"'Total Disability' or 'Totally Disabled' means, with regard to Long Term Disability, that because of Illness or Injury, an Employee is prevented from engaging in any employment for which the Employee is qualified or may reasonably become qualified based on education, training, or experience."

The Unit and the independent physician advisors reviewed all of the medical information. This medical information included: documentation from October 10, 1975 through June 30, 2006 from Kaiser Permanente; Thomas Pong, MD; Mujahid Mahmood, MD; William Chung, MD; Elaine Murray, MD; T.P.M.G. Regional Laboratory; South San Francisco Medical Center; Susana Choy, RN; Kaiser South San Francisco; Kaiser Permanente Medical Center; Kaiser Hospital – South San Francisco; Robert Schier, MD; Leonard Chen, MD; Edward Fischer, MD, Gordon Leung, MD; Kaiser San Francisco Catheterization Lab; Multifit Cardiac Rehabilitation Program; James Hood, MD; Duncan Mason MD; Gerald Horn, MD; Michael Sepulveda, MD; Robert Lundstrom, MD; Bambi Menes, MD; Jerry Markussen, MD; Carole Pernado, RN; Victor Wong, MD; G. F. Pawlick, MD and Shirley Huang, MD.

06-D-15 Edwards Carl.doc 01-06

Date Recv: 03/16/2007

The medical information indicated that your client was diagnosed with peripheral neuropathy, dizziness, inferoposterior wall myocardial infarction, angina, mild sleep apnea, orthostatic hypertension, mild central cordisal atrophy, postural syncope, presyncope, patello-femoral syndrome, blunt trauma to the knee, autonomic dysfunction, diabetes mellitus, coronary artery disease and chronic ischemic heart disease.

After review of the medical information by the Unit and the independent physician advisors, the decision was made to uphold the denial for the denial/appeal period.

The independent physician advisor, Leonard Sonne, MD, specializing in pulmonology, indicated that the sleep study findings revealed no evidence of apneas or hypopneas. He further reported there was no evidence of a pulmonary disorder or a sleep medicine condition of such a severity that it would have prevented your client from performing any job for the time period under review.

The independent physician advisor, Gary Greenhood, MD, specializing in internal medicine, indicated there was no evidence of malignant or accelerated hypertension, retinopathy, nephropathy or peripheral vascular disease related to the hypertension. He also noted there was no evidence of retinopathy, nephropathy, ketosis, seizures, hyperosmolar changes, or peripheral vascular disease related to the diabetes mellitus. He further reported there was a lack of evidence of observable medical findings, such as functional limitations that would have indicated your client was unable to perform any job for the time period under review.

The independent physician advisor, Joseph Jares, III, MD, specializing in neurology, reported that the tilt table test findings were normal and the electrophysiological study findings were negative. He also indicated there was no evidence of neurological abnormalities such as weakness, reflex loss, gait dysfunction or ataxia. He therefore, noted there was a lack of evidence of observable medical findings from a neurological perspective that would have indicated your client was unable to perform any job for the time period under review.

The independent physician advisor, Michael Rosenberg, MD, specializing in cardiology, indicated there was no evidence of significant myocardial ischemia. He also noted that your client had preserved left ventricular function without evidence of malignant rhythm disturbances. He further reported there was no evidence of a cardiovascular disorder of such a severity that it would have prevented your client from performing any job for the time period under review.

Although some findings are referenced, none are documented to be so severe as to prevent your client from performing any employment for which he was qualified or may reasonably become qualified based on education, training or experience as of August 18, 2006.

Under the terms of the AT&T Disability Income Plan the decision of the Unit is final. If you have questions you may contact us at 1-866-276-2278.

You shall be provided, upon written request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your client's claim benefits.

Your client has the right to bring suit under Section 502(a) of the Employee Retirement Income Security Act of 1974 after there has been full exhaustion of your client's appeal rights as enumerated in the plan's claim procedures and those rights have been exercised and the Plan benefit's requested by said claimant in such appeal have been denied in whole or in part by your client's employer.

Sincerely,

Joan Winston
Supervisor
AT&T Integrated Disability Service Center (IDSC) Quality Review Unit

cc: Carl Edwards
2535 Sherwood Drive
San Bruno, CA 94066