Sara Smith Ray  (State Bar No. 140564)
ALTMAN & RAY
20700 Ventura Boulevard, Suite 128
Woodland Hills, California 91436
(818) 907-6900 – Telephone
(818) 907-6906 - Facsimile
sray@altmanray.com

Attorneys for Plaintiff:   CARL T. EDWARDS

UNTED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL T. EDWARDS,<br><br>                Plaintiff,<br><br>Vs.<br><br>AT&T DISABILITY INCOME PLAN,<br><br>                Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 03 CV 4573 PJH

PLAINTIFF'S **AMENDED** RULE 26 STATUS CONFERENCE REPORT AND REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE

        Plaintiff, CARL T. EDWARDS, submits the following Status Conference Statement:

**SERVICE:**

        Defendant in this matter is an ERISA benefit plan.  Through counsel for AT&T in Los Angeles, I obtained a P.O. Box in Texas where to serve the complaint.  I sent the complaint via U.S. Mail on December 4, 2007.  To date, I have not had a reply.  I have left a

message for the AT&T legal office in Los Angeles and am awaiting a reply.  Today I sent a registered letter to:

AT&T, Inc.
Legal Department
P.O. Box 29690
San Antonio, Texas 78229

Plaintiff's counsel does not want to take the Court's time or resources and therefore would request a two week continuance of the conference in an attempt to see if counsel can resolve this service issue.

Plaintiff further wants to comply with the Court's case management order but participation by defendant is required for a meaningful statement to be issued.

A.    **JURISDICTIONAL BASIS**:

This is a claim brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 1001 *et seq*.  As such, the basis for subject matter jurisdiction is 28 U.S.C. Section 1337 and 29 U.S.C. Section 1132(e).

B.    **PRINCIPAL CONTENTIONS:**

1.    PLAINTIFF:  Plaintiff contends that Defendants wrongfully denied benefits due to him under the disability plan and contingent benefit plans.

C.    **KEY LEGAL ISSUES**:

1.    Whether a "de novo" or an "abuse of discretion" standard of judicial review applies in this case, and whether information outside the Administrative Record should be considered by this Court.

2.    Whether the denial-of-benefits decision was wrongful under the applicable standard of judicial review.

D.    **DAMAGES:**

Plaintiff claims monthly benefits under the terms of the Plan less offsets as allowed under the Plan along with reinstatement of contingent benefit plans. Plaintiff seeks total

benefits up to and including time of trial, interest thereon, attorney's fees and costs. Defendants dispute Plaintiff's entitlement to any damages in this case.

**E.    INSURANCE:**

There is no insurance for the litigation.  However, benefits under the Plan are funded by way of a group insurance policy issued by Continental Casualty Company.

**F.    DISCOVERY**:

Because this is a claim brought under ERISA, the any entitlement to discovery is governed by the standards set forth in *Kearney v. Standard Ins. Co.* 175 F.3d 1084 (9th Cir. 1999)(en banc), as well as subsequent case law.  Plaintiff may seek additional discovery on the issue of the appropriate standard of review to include, but not be limited to, written discovery as to the Defendants' claim procedures, and if necessary, the depositions of Defendants' claim handlers and medical consultants.

**G.    PROPOSED CASE MANAGEMENT DATES:**

Plaintiff requests that the Court enter the following orders regarding the governance of the trial in this case:

1.    In *Kearney v. Standard Ins. Co.*, 175 F. 3d 1084 (9th Cir. 1999) (en banc), the Ninth Circuit determined that a District Court's review of a plan administrator's benefits decision under ERISA should – with some exceptions of extrinsic evidence – be conducted solely on the Administrative Record that was before the administrator at the time it made its decision;

2.    Plaintiff requests a waiver of the Pre-Trial Conference.

3.    This matter should be tried to the Court.

4.    Trial of this matter will consist of the following:

(a)    The filing of the Administrative Record;

(b)    The filing of an Opening Memorandum and an Opposition by each party, setting forth via citations to the Record and to appropriate

authority why that party should prevail in this action and legal arguments concerning the appropriate standard of review; and

(c)     A hearing before the Court for presentation of excerpts from the Record and oral argument.  The parties estimate that one to three hours will be necessary for the trial.

5.     Plaintiff does not anticipate joining any additional parties or amending the pleadings.

Respectfully submitted,

Date:  February 11, 2008                    ALTMAN & RAY LLP


By:     _____
        SARA SMITH RAY
        ATTORNEYS FOR PLAINTIFF
        CARL T. EDWARDS