Michele Ballard Miller (SBN 104198)
   *mbm@millerlawgroup.com*
Lisa C. Hamasaki (SBN 197628)
   *lch@millerlawgroup.com*
Katherine L. Kettler (SBN 231586)
   *klk@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
AT&T UMBRELLA BENEFIT
PLAN NO. 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL T. EDWARDS,<br><br>                    Plaintiff,<br><br>v.<br><br>AT&T DISABILITY INCOME PLAN,<br><br>                    Defendants. | Case No.: C 07-4573 PJH<br><br>**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S ANSWER TO PLAINTIFF'S COMPLAINT** |

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1    Defendant AT&T UMBRELLA BENEFIT PLAN NO 1, erroneously sued herein

2   as AT&T DISABILITY INCOME PLAN (hereafter "Defendant") hereby answers Plaintiff

3   CARL T. EDWARDS' Complaint (hereafter "Complaint") as follows:

4

5    Defendant generally denies each and every allegation in the Complaint, except

6   those expressly admitted below.

7

8    1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits each

9   allegation contained in that paragraph as to Plaintiff's allegations in the Complaint.

10

11    2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that

12   Plaintiff's Complaint asserts the stated "challenges," but denies the substance of those

13   "challenges" as set forth in this paragraph.  Specifically, Defendant denies that it "unlawfully

14   den[ied]" Plaintiff's disability benefits "without appropriate justification and without granting

15   his [sic] a full and fair review of his claim for benefits."  Defendant further specifically denies

16   that DIP had a "pattern of rejecting and/or ignoring the opinions of [Plaintiff's] treating and

17   examining physicians in an attempt to deprive his [sic] of the appropriate LTD benefits he is

18   due." Defendant denies that Plaintiff "is due" long term disability benefits.  Defendant denies

19   that DIP "fail[ed] to provide a reasonable claims procedure that would yield a decision on

20   the merits of [Plaintiff's] claim."

21

22    3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that

23   Plaintiff's Complaint recites the relief he seeks in this action as set forth in this paragraph.

24   However, Defendant denies that Plaintiff is entitled to such relief under either the applicable

25   plan or the law.

26

27    4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendant denies the

28   allegations of this paragraph, as the plan is administered in Texas.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

2

5.    Answering Paragraph 5 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information as to where Plaintiff resided at the time he filed this Complaint, and on that basis denies this assertion.    Defendant admits that Plaintiff is a vested participant in an employee benefit plan, and that Plaintiff has standing to bring this action.    Defendant admits that the named defendant, AT&T Disability Income Plan ("DIP"), has its principal place of business in Texas, and transacts business in California, and is the plan under which Plaintiff brings this Complaint.    Defendant denies that "DIP is the party responsible for processing claims made under the plan and making a final determination as to Plan participants' eligibility for LTD benefits."    Claims for benefits under the plan are reviewed by the AT&T Integrated Disability Service Center, as administered by Sedgwick Claims Management Service, Inc. ("Sedgwick"), the claims administrator of the plan.    In that capacity, Sedgwick also processes the claims for long term disability ("LTD") benefits and makes the final determination as to the plan participant's eligibility for LTD benefits.

6.    Answering Paragraph 6 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.    AT&T Inc. is the plan fiduciary.    Sedgwick is the claims fiduciary.

7.    Answering Paragraph 7 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.    The statement is inaccurate in that the DIP contains short term disability and long term disability components, as well as a vocational rehabilitation component.

8.    Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies that Plaintiff "worked at AT&T."    AT&T Inc. is a holding company with no employees.    Plaintiff was employed by Pacific Bell Telephone Company ("Pacific Bell").    Defendant admits that, as a manager for Pacific Bell, Plaintiff became a plan participant.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1    9.    Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies that

2  "DIP both funds and administers the Plan under which [Plaintiff] is suing."  AT&T Inc. funds

3  the plan, which is administered by Sedgwick.   Defendant further denies that "the Plan

4  provides for the payment of LTD benefits when a person becomes either partially or totally

5  disabled."  The plan provides short term disability benefits to eligible participants who meet

6  the plan definition of partially disabled.   The plan provides long term disability benefits to

7  eligible participants who meet the definition of totally disabled for purposes of long term

8  disability.

9

10    10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits

11  each and every allegation of Paragraph 10, as to long term disability benefits.

12

13    11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that

14  Plaintiff makes the allegations and claims asserted in this paragraph.  Defendant denies the

15  substance of those statements, specifically the assertions that Plaintiff "became totally

16  disabled" and that he is "entitled under the Plan to LTD benefits."  Every plan participant,

17  including Plaintiff is eligible for -- but not "entitled to" -- LTD benefits.   Defendant is without

18  sufficient knowledge and information and on that basis denies the unintelligible statement

19  that "DIP said benefits to [Plaintiff.] "

20

21    12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendant denies that

22  Plaintiff was disabled.    Defendant admits that Plaintiff was awarded Social Security

23  Disability Income benefits effective February 2006.

24

25    13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that

26  Plaintiff was denied LTD benefits as of August 18, 2006.  Defendant denies that "DIP

27  wrote[Plaintiff.]"  The August 24, 2006 denial letter was issued by Nayra Rosenston, LTD

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**DEFENDANTS AT&T UMBRELLA BENEFIT PLAN NO. 1'S ANSWER TO PLAINTIFF'S COMPLAINT**
Case No. C 07-4573 PJH

Case Manager, AT&T Integrated Disability Service Center Quality Review Unit, as administered by Sedgwick.

14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 14.

15.    Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 15.   Plaintiff's claim was for LTD, not short term disability ("STD"), benefits.

16.    Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 16.

17.    Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 17.

18.    Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies that Plaintiff was "unlawfully den[ied]" benefits under ERISA and that he has "lost the use of his long-term disability benefits."   Defendant admits that Plaintiff has brought this action.

19.    Answering Paragraph 19 of Plaintiff's Complaint, Defendant denies that Plaintiff has performed all of his obligations under the plan, to the extent that Plaintiff asserts that thus he is entitled to plan benefits.   Defendant admits the remaining allegations contained in Paragraph 19.

20.    Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 20.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1      21.    Answering Paragraph 21 of Plaintiff's Complaint, Defendant denies

2   each and every allegation contained in Paragraph 21.

3

4      22.    Answering Paragraph 22 of Plaintiff's Complaint, Defendant denies

5   each and every allegation contained in Paragraph 22.

6

7      23.    Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies

8   each and every allegation contained in Paragraph 23.

9

10      24.    [Plaintiff's Complaint does not contain a Paragraph 24.]

11

12      25.    Answering Paragraph 25 of Plaintiff's Complaint, Defendant admits that

13   Plaintiff realleges the allegations of his Complaint.

14

15      26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendant denies

16   each and every allegation contained in Paragraph 26.

17

18      27.    Answering Paragraph 27 of Plaintiff's Complaint, Defendant is without

19   sufficient knowledge and information and on that basis denies each and every allegation

20   contained in Paragraph 27.

21

22      28.    Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies

23   each and every allegation contained in Paragraph 28.

24

25      29.    Defendant denies the allegations contained in Paragraph 1 of Plaintiff's

26   prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**DEFENDANTS AT&T UMBRELLA BENEFIT PLAN NO. 1'S ANSWER TO PLAINTIFF'S COMPLAINT**
Case No. C 07-4573 PJH

1        30.    Defendant denies the allegations contained in Paragraph 2 of Plaintiff's
2  prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

4        31.    Defendant denies the allegations contained in Paragraph 3 of Plaintiff's
5  prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

7        32.    Defendant denies the allegations contained in Paragraph 4 of Plaintiff's
8  prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

12        For and as a separate and affirmative defense to each and every claim for
13  relief set forth in the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

18        Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which
19  relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Not Eligible for Benefits)

24        Plaintiff's claims are barred in that Plaintiff is not eligible for benefits under the
25  terms and conditions of the applicable disability plan.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

### THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant's actions or statements were based upon good, sufficient, and legal cause, upon reasonable grounds for belief in its truth and justification, and were taken or said in good faith and without malice.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff, by his acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate the damages alleged in the Complaint.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Any award of benefits to Plaintiff should be offset by any other earnings, benefits and/or income received by Plaintiff (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, pension benefits, and/or benefits from the Social Security Administration or the State of California), and/or should be offset by any damages caused by Plaintiff to the Defendant, including any unjust enrichment to Plaintiff by virtue of fraud.

## EIGHTH AFFIRMATIVE DEFENSE

### (Attorneys Fees)

Defendant is entitled to its attorneys' fees pursuant to 29 U.S.C. § 1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

### (Conduct In Accordance With the Plan)

Defendant and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the Plan insofar as such documents and instruments were and are consistent with the provisions of ERISA.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this General Denial, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

DEFENDANTS AT&T UMBRELLA BENEFIT PLAN NO. 1'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No. C 07-4573 PJH

THEREFORE, Defendant demands judgment in its favor, costs of suit, and attorney's fees, and all other proper relief.


Dated: April 9, 2008                          MILLER LAW GROUP
                                              A Professional Corporation



                                              By: _____/S/_____
                                                  Katherine L. Kettler
                                                  Attorneys for Defendant AT&T
                                                  UMBRELLA BENEFIT PLAN NO. 1.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

DEFENDANTS AT&T UMBRELLA BENEFIT PLAN NO. 1'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No. C 07-4573 PJH