1  Michele Ballard Miller (SBN 104198)
       mbm@millerlawgroup.com
2  Lisa C. Hamasaki (SBN 197628)
       lch@millerlawgroup.com
3  Katherine L. Kettler (SBN 231586)
       klk@millerlawgroup.com
4  MILLER LAW GROUP
   A Professional Corporation
5  60 E. Sir Francis Drake Blvd., Ste. 302
   Larkspur, CA 94939
6  Tel. (415) 464-4300
   Fax (415) 464-4336
7
   Attorneys for Defendant
8  AT&T UMBRELLA BENEFIT PLAN NO. 1

9  Sara Smith Ray (SBN 140564)
       sray@altmanray.com
10 ALTMAN & RAY LLP
   20700 Ventura Blvd., Ste. 128
11 Woodland Hills, CA 91436
   Tel.: (818) 907-6900
12 Fax: (818) 907-6906

13 Attorneys for Plaintiff
   CARL T. EDWARDS
14

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  CARL T. EDWARDS, | Case No.: C 07-4573 PJH |
| 19          Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT** |
| 20  v. | |
| 21  AT&T DISABILITY INCOME PLAN | Date:       May 29, 2008<br>Time:      2:30 p.m.<br>Courtroom: 3 |
| 22 | |
| 23          Defendant. | Complaint filed: September 4, 2007 |
| 24 | |

25

26
           Pursuant to the Federal Rules of Civil Procedure, Rules 16 and 26(f), the Local
27
   Rules of this Court, and this Court's Order Setting a Further Scheduling Conference, Plaintiff
28

Carl T. Edwards and Defendant AT&T Umbrella Benefit Plan No. 1 (erroneously sued herein as AT&T Disability Income Plan), by and through their respective counsel of record, submit the following Joint Case Management Conference Statement and Rule 26(f) Report.

### 1.     JURISDICTION AND SERVICE

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., in which the Court's jurisdiction is based upon 29 U.S.C. § 1132(e).

### 2.     FACTS

The parties agree that, as an employee of Pacific Bell Telephone Company, Plaintiff was a participant in a disability plan known as the AT&T Disability Income Program, a program under the AT&T Umbrella Benefit Plan No. 1 ("Plan"). Plaintiff filed a claim for short term disability benefits, which was administered by Sedgwick Claims Management Services, Inc., ("Sedgwick") and was granted. Plaintiff then filed a claim for long term disability benefits with an effective date of August 18, 2006, which was also administered by Sedgwick. Plaintiff's claim for long term disability benefits was denied. Plaintiff timely filed an administrative appeal dated October 25, 2006, which was also denied. Plaintiff timely filed this action to enforce his rights under ERISA.

**Plaintiff's Position:**

Plaintiff contends that he is entitled to long term disability benefits under the Plan.

**Defendant's Position:**

The Plan unambiguously grants discretionary authority to the Plan Administrator, which properly delegated its authority to Sedgwick, the Claims Administrator.

There is no evidence of any conflict of interest warranting a heightened standard of review. Defendant's decision to deny Plaintiff's claim for long term disability benefits under the Plan was reasonable, consistent with the plain language of the Plan, and was made in good faith. Defendant also contends that even if Plaintiff were entitled to long term disability benefits, any benefits would be offset by Social Security Disability Insurance as well as by pension payments made to Plaintiff.

### 3.     LEGAL ISSUES

It is undisputed that subject matter jurisdiction is based on federal question jurisdiction, as Plaintiff's claims arise out of ERISA.

**Disputed Legal Issues:**

The disputed legal issues include:

1) What scope of review the Court should employ in deciding this case.
2) Whether the Plan abused its discretion as plan administrator.
3) Whether and to what extent Plaintiff has a right to discovery.
4) Whether Plaintiff is entitled to damages, and if so, in what amount.
5) Whether Plaintiff is entitled to attorneys' fees and if so, in what amount.
6) Whether Plaintiff's claim for benefits was wrongfully denied.

**Defendants' contentions:**

**A.     Standard of Review**

An abuse of discretion standard applies in this case. The Plan documents unambiguously grant discretionary authority to the Plan Administrator, which has properly delegated its authority to Sedgwick, the Claims Administrator. It is well settled where the plan vests the administrator with discretionary authority to determine eligibility of benefits, the Court must review the administrator's determinations only for an abuse of discretion.

*See e.g., Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1472 (9th Cir. 1993); *see also Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir. 2006). Plaintiff will also not be able to demonstrate that there is a conflict of interest warranting a heightened standard of review.

Further, the record is clear that Defendant's decision to deny Plaintiff's claim for long term disability benefits under the Plan was reasonable. Defendant did not deny the claim without explanation. Defendant denied the long term disability claim because the medical information submitted did not support his claim. Such a reasonable conclusion was consistent with the plain language of the Plan and was made in good faith. As the administrative record is devoid of any evidence that Defendant abused its discretion in denying the claim Plaintiff cannot prevail on his claim.

### 4. MOTIONS

There are no pending motions. The parties anticipate filing motions for summary judgment on the merits of Plaintiff's claim for long term disability benefits.

### 5. AMENDMENT OF PLEADINGS

The parties do not contemplate further amendments to the pleadings.

### 6. PRESERVATION OF EVIDENCE

There is no current issue as to preservation of evidence.

### 7. DISCLOSURES

Both parties are cooperating with disclosures. Initial Disclosures will be timely made on May 22, 2008.

### 8. DISCOVERY

The parties will exchange Initial Disclosures by May 22, 2008. Plaintiff contends that discovery is appropriate regarding the applicable standard of review inasmuch as the Plan delegated the Plan administration. Plaintiff reserves the right to determine the scope of discovery after examination of the administrative record. Defendant maintains that since ERISA provides that the reviewing court may only consider the evidence that was before the administrator at the time the decision to deny benefits was made or affirmed, and Plaintiff seeks the Court's review of an administrative decision to deny him long term disability benefits, all facts and information are set forth in the administrative record, and as such, no discovery is required.

### 9. CLASS ACTION

Not applicable.

### 10. RELATED CASES

This case is not related to any other matter pending before this Court or any other court.

## 11. RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks monthly benefits reimbursement under the terms of the Plan less offsets as allowed under the Plan, along with reimbursement of contingent Plan benefits. Plaintiff seeks total benefits estimated at $93,567.75, plus prejudgment interest, attorneys' fees and costs.

## 12. SETTLEMENT/ADR

The parties have stipulated to participation in the Court's Early Neutral Evaluation Process. There have been some settlement discussions in the past, and the parties have agreed that further discussion should take place after production by Defendant of the Administrative Record.

## 13. CONSENT TO MAGISTRATE JUDGE

Defendant has already indicated it will not so consent. Plaintiff does not consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## 14. OTHER REFERENCES

Not applicable.

## 15. NARROWING OF THE ISSUES

Not at this time.

### 16. EXPEDITED SCHEDULE

The parties intend to file motion(s) for summary judgment, which should dispose of the case.

### 17. SCHEDULING

The parties propose that the matter be decided upon the filing of cross-motions for summary judgment. The parties propose the filing of cross-motions to be heard on a date and pursuant to a briefing schedule to be set by the Court.

### 18. TRIAL

Because this is an ERISA case, these issues must be tried to the Court. The parties will present motions for summary judgment. If for any reasons the motions are both denied, the parties estimate the length of the trial will depend on the scope of trial under ERISA.

### 19. NON-PARTY ENTITIES

Pursuant to Civil L.-R. 3-16, Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| ENTITY | CONNECTION TO OR INTEREST IN CASE |
|---|---|
| AT&T Umbrella Benefit Plan, No. 1 | Defendant |
| AT&T Inc. | Plan Administrator of Defendant AT&T Umbrella Benefit Plan No. 1. |

**20.     OTHER MATTERS TO BE CONSIDERED**

None at this time.

Dated: May 22, 2008

MILLER LAW GROUP
A Professional Corporation

By: _____/S/_____
Katherine L. Kettler
Attorneys for Defendant AT&T
UMBRELLA BENEFIT PLAN NO. 1

Dated: May 22, 2008

ALTMAN & RAY LLP

By: _____/S/_____
Sara Smith Ray
Attorneys for Plaintiff CARL T. EDWARDS